UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RENEE SCHOUTEN §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>DOLGENCORP OF TEXAS, INC. D/B/A §<br>DOLLAR GENERAL CORPORATION §<br>*Defendant*. § | CASE NO. 5:20-cv-889 |

### DEFENDANT DOLGENCORP OF TEXAS, INC.'S NOTICE OF REMOVAL

Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation, (Dolgencorp) hereby removes this lawsuit which is currently pending in the District Court of the 454th Judicial District of Medina County, Texas, Cause No. 20-06-26538-CV, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### I.
### BACKGROUND

1. On June 17, 2020, Plaintiff filed her Original Petition styled *Renee Schouten v. Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation*, in the 454th Judicial District of Medina County, Texas, Cause No. 20-06-26538-CV, in which Plaintiff seeks to recover damages for personal injuries allegedly resulting from a slip and fall. *See Exhibit A—Plaintiff's Original Petition.*

2. Plaintiff served Dolgencorp with Plaintiff's Original Petition on July 10, 2020, by certified mail on its registered agent. *See Exhibit B—Executed Service*.

3.      In her Original Petition, Plaintiff affirmatively seeks "over one million and 00/100 dollars ($1,000,000.00)" *Exhibit A*. at p. 5, ¶ 31.  Defendant Dolgencorp did not file an answer it state court.

4.      The State Court's Record Search including Case History for this matter is attached herein.  *See Exhibit C—State Court History Docket Sheet*.

## II.
### GROUNDS FOR REMOVAL

5.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

   **A. Parties are Diverse**

6.      Plaintiff, Renee Schouten, is a natural person who resides in Atascosa County, Texas. *See Exhibit A*, p. 1, ¶ 2.  Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other states.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

7.      As to Dolgencorp, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Dolgencorp is a foreign corporation incorporated under the laws of the State of Kentucky and its principal place of business is at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Accordingly, Dolgencorp is a citizen of Kentucky and Tennessee, and not a citizen of Texas.

### B. Amount in Controversy

8. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

9. Here, it is facially apparent from Plaintiff's Original Petition that the claim exceeds $75,000.00. Specifically, Plaintiff's Original Petition states:

> "Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)..."

*See Exhibit A,* ¶ 16.

10. Based on the foregoing, the amount in controversy clearly exceeds $75,000.00.

### III.
### REMOVAL IS PROCEDURALLY PROPER

11. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

12. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Medina County, Texas, the place where the state court suit was filed.

13. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

14. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Medina County District Court.

WHEREFORE, Defendant Dolgencorp of Texas, Inc. requests the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

By: */s/ Mark A. Zamora*
**Jose "JJ" Trevino, Jr.**
State Bar No.24051446
jtrevino@valdeztrevino.com
**Mark A. Zamora**
State Bar No. 24098651
mzamora@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on July 31, 2020, in the manners prescribed below:

Jesus De Luna
LAW OFFICES OF THOMAS J. HENRY
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
*Counsel for Plaintiff*

                                          */s/ Mark A. Zamora*
                                          **Mark A. Zamora**